NO. 07-10-0493-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

JANUARY 26, 2011

 

______________________________

 

 

IN RE: LUIS AGUILAR,

 

Relator

 

_________________________________

 

ORIGINAL PROCEEDING

_______________________________

 

Before QUINN, C.J.. and
CAMPBELL and PIRTLE, JJ.

DISSENTING OPINION

            The
majority finds that Relator, Luis Aguilar, has an adequate remedy at law
through appeal and, accordingly, denies his request for either a writ of mandamus
or a writ of prohibition.  I respectfully
disagree.

            In
the Justice of the Peace Court in and for Potter County, Texas, Relator sued
the Real Party in Interest, Dutcher's Auto Collision Repair, L.L.C., for breach
of contract concerning repairs to his vehicle. 
On May 12, 2010, following a bench trial on the merits, the Justice of
the Peace Court rendered judgment disposing of both the Relator's claims and
the Real Party in Interest's counterclaims. 
On May 24, 2010, the court signed an order granting Plaintiff's motion
for new trial.  Subsequently, on June 10,
2010, the court signed a written judgment memorializing its original judgment
of May 12.  The Real Party in Interest
then appealed the case to the Potter County Court at Law No. 2 by the filing of
an appeal bond on June 21, 2010.  On
November 8, 2010, the Potter County Court at Law No. 2 entered an order
remanding the case to the Justice of the Peace Court for a trial on the
merits.  Relator now seeks to have this
Court direct the Potter County Court at Law No. 2 to vacate its order of
November 8 or prohibit that court from remanding this case to the Justice of
the Peace Court for a retrial.

Analysis

            In order to
be entitled to relief by writ of mandamus or writ of prohibition, a relator
must meet two requirements: one is to show that the trial court clearly abused
its discretion, and the other is to show that it has no adequate remedy by
appeal.  In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998) (orig.
proceeding); Walker v. Packer, 827 S.W.2d
833, 840-44 (Tex. 1992) (orig. proceeding). 
"An appellate remedy is 'adequate' when any benefits to mandamus
review are outweighed by the detriments." 
In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  

            An
aggrieved party may appeal a justice court judgment to the county court.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.001 (West 2008).  The result is a trial de novo. Tex. R. Civ. P. 574b. 
An appeal of a justice court judgment is perfected "[w]hen the bond, . . . , provided for in the rules applicable to justice
courts, has been filed and the previous requirements have been complied with .
. . ."  Tex. R. Civ. P. 573.  The appeal bond must be filed within ten days
after the date the judgment in question is signed.  Tex. R. Civ. P. 571.  In computing the ten day period prescribed by
Rule 571 for the filing of an appeal bond, when the last day of the period is a
Sunday, the period runs until the end of the next day which is not a Saturday,
Sunday, or legal holiday.  Tex. R. Civ.
P. 4. 

            Thus,
for the Real Party in Interest in this case to appeal the June 10 judgment of
the Justice of the Peace Court, it was required to file an appeal bond by June
20.  Because June 20, 2010, was a Sunday,
the appeal bond filed on June 21 was timely. 
The timely filing of the appeal bond had the effect of vesting the
Potter County Court at Law No. 2 with jurisdiction to conduct a trial de novo. 
 Because the Potter County
Court at Law did not have jurisdiction to remand the case to the justice court,
much less appear to authorize a retrial, it abused its discretion by attempting
to do so.  

            In
this situation, appellate review is inadequate because the benefits of mandamus
and/or prohibition greatly outweigh the detriments.  This is so because (1) a county court's
jurisdiction, as invoked by an "appeal" from a justice court, does not
include the authority to review the propriety of the justice court's ruling and
to "remand" this case for a trial on the merits, Tex. Civ. Prac.
& Rem. Code Ann. § 51.001
(West 2008), Tex. R. Civ. P. 574b; (2) even if the case were remanded and
retried, either party would still be entitled to trial de novo before the same county court simply by perfecting another "appeal"
following the same procedures, resulting in a duplication of proceedings and
the waste of valuable judicial time and resources; (3) remanding a cause to
justice court for retrial effectively establishes a circulative procedure
whereby a case could never reach a judgment which is ultimately final and appealable
to this Court; and  (4) the granting of
mandamus or prohibition relief will not result in any, or at most, negligible
detriment to the parties.

Conclusion

            Because
I find that the Potter County Court at Law abused its discretion in remanding
this case to the justice court for retrial, and because I find that Relator has
no adequate remedy at law, I would conditionally grant Relator's petition for
writ of mandamus and/or writ of prohibition based on the refusal of the Potter
County Court at Law to vacate its order of November 8, 2010, and proceed
appropriately to a determination of the merits of the pending action after the
remand is vacated.

 

                                                                                      Patrick A. Pirtle

                                                                                            Justice